IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW J. SHERVEN,

                Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY,

                Defendant.

OPINION and ORDER

23-cv-466-jdp

---

Pro se plaintiff Matthew J. Sherven filed this lawsuit to compel defendant Central Intelligence Agency (CIA) to produce documents that Sherven requested in June 2023. Sherven seeks leave to proceed without prepayment of the filing fee, so I must screen the complaint to determine whether it is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. § 1915(e)(2).

When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Shervin must allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

I will dismiss Sherven's complaint with prejudice because it is clear from the face of his complaint that he is not entitled to relief.

## ANALYSIS

Sherven alleges that he submitted the following information request to the CIA: "This is a request under the Freedom of Information Act (5 U.S.C. Sec. 552). I want copies of all documents, video and audio recordings, emails and text messages involved in every CIA operation to cover up their illegal activities and hide them from the general public." He also alleges that the CIA has not responded to his request.

The Freedom of Information Act (FOIA) requires federal agencies to make agency records available to "any person" who submits a request that "(i) reasonably describes such records and (ii) is made in accordance with [the agency's] published rules," unless the records fall within one of nine statutory exemptions. 5 U.S.C. § 552(a)(3)(A), (b)–(c); *Rubman v. U.S. Citizenship & Immigration Servs.*, 800 F.3d 381, 386 (7th Cir. 2015). If the agency improperly withholds a document, the requester may sue the agency in federal court to compel production. 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980).[1]

Sherven doesn't state a claim under FOIA because it is clear from his own allegations that his request did not "reasonably describe" the records he sought. His request was both vague and broad, asking CIA employees to make their own determination regarding what

[1] Sherven says that he is also suing under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but that case is about lawsuits for violations of the Constitution against individual federal officers. Withholding agency records doesn't violate the Constitution, and federal agencies can't be sued under *Bivens*. *Travis v. Reno*,163 F.3d 1000, 1007 (7th Cir. 1998) ("There is no constitutional right to have access to particular government information, or to require openness from the bureaucracy." (internal quotation marks omitted)); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding that there is no cause of action under *Bivens* against federal agencies).

conduct was "illegal" and what qualifies as a "cover up," without any limitation on time or place. It would be virtually impossible to comply with Sherven's request.

Agencies are not required to comply with "broad, sweeping requests lacking specificity." *Moore v. F.B.I.*, 283 Fed. Appx. 397, 399 (7th Cir. 2008) (quoting *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978)). Rather, the request must "enable[ ] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Marks*, 578 F.2d at 263. Sherven's request does not come close to meeting that standard, so he has not stated a claim under FOIA.

When a court dismisses a complaint, the general rule is to allow a plaintiff to file an amended complaint to fix the problem. *L. Offs. of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022). But a court may deny leave to replead when it is clear that an amended complaint would not cure the defect. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008).

In this case, giving Sherven leave to replead would be pointless. Sherven attached his FOIA request to his complaint, Dkt. 1-1, so there is no ambiguity regarding what his request said. Sherven cannot fix the problems with his FOIA request by filing an amended complaint. He will have to start over with a narrower, more specific FOIA request to the CIA, and he cannot sue the CIA about a request that he hasn't yet filed.

ORDER

IT IS ORDERED that Matthew J. Sherven's complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment in favor of the Central Intelligence Agency and close this case.

Entered December 14, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge